Case 4:25-cv-03793   Document 8   Filed on 09/05/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN ALLEN JEFFERSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-25-3793 |
| | § | |
| OFFICER JOHN DOE, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian Allen Jefferson, a Grimes County pretrial detainee proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 against Navasota Police Department Sergeant Mark Butler and Texas State Trooper Officer John Doe.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff alleges that, on March 7, 2023, he left his name and telephone number on the Navasota Police Department's non-emergency line for unstated reasons. A short while later while walking near his residence, plaintiff was detained and arrested by Navasota Police Department Sergeant Mark Butler and Texas State Trooper Officer John Doe pursuant to an arrest warrant for an unpaid traffic ticket. He states that during the arrest, the defendants removed a firearm he was carrying and returned it to plaintiff's mother at plaintiff's

residence. He further states that the next day, March 8, 2023, the defendants returned to the residence and retrieved the firearm from plaintiff's mother without a warrant.

Plaintiff lodges claims against the defendant officers for "misuse[] [of] plaintiff's information, illegal detainment, harassment, discrimination, profiling, negligence." (Docket Entry No. 1, p. 3.) As judicial relief, plaintiff seeks a declaratory judgment for violation of his rights with recovery of compensatory and punitive damages.

## II. ANALYSIS

A.   Frivolous Claims

Plaintiff claims that the defendants misused his information, harassed him, profiled him, and were negligent. These conclusory claims are unsupported by factual allegations. Even so, the claims do not state violations of plaintiff's constitutional or other federal rights, and are **DISMISSED WITH PREJUDICE** as frivolous. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (explaining that a civil complaint is frivolous under if it lacks an arguable basis in law or fact); 28 U.S.C. §§ 1915(e) & 1915A.

B.   Statute of Limitations

The statute of limitations for a lawsuit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). In Texas, a two-year statute of limitations governs personal injury claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b). Thus, plaintiff was required to file suit within two years from the date his claims accrued.

"[T]he time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles." *McDonough v. Smith*, 588 U.S. 109, 115 (2019). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Thus, the limitations period begins "when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.*; *see also Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) (same). A plaintiff need not have actual knowledge of every fact necessary to file suit, and need not know that he has a legal claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff states in his complaint that the events made the basis of his claims against the defendants occurred on March 7 and 8, 2023. He knew, and had reason to know, that the defendants undertook their alleged wrongful actions at that time. Plaintiff's claims accrued on those dates and limitations expired two years later on or about March 7 and 8, 2025. The instant lawsuit, filed no earlier than August 7, 2025, is untimely and barred by limitations.

This lawsuit is **DISMISSED WITH PREJUDICE** as barred by limitations and for failure to state a claim for which relief can be granted under § 1983 predicated on expiration of limitations.

## III. CONCLUSION

For the reasons shown above, this lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a viable claim for relief predicated on expiration of limitations. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g). Plaintiff is warned that if he accumulates three strikes, he will be barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 5th day of September, 2025.

---
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE